89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
George MATOVICH, Plaintiff-Appellant,
v.
JAMAICA WATER SUPPLY COMPANY and the Utility Workers' Union
of America, Local 374, Defendants-Appellees.
 No. 95-7271.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 Appeal from the United States District Court for the Eastern District of New York (Allyne R. Ross, Judge ).
 APPEARING FOR APPELLANT: MARK E. GOIDELL, Galasso, Langione and Goidell, Garden City, New York.
 APPEARING FOR APPELLEES: ALLEN H. WEITZMAN, Proskauer Rose Goetz & Mendelsohn LLP, Boca Raton, Florida, for Defendant-Appellee Jamaica Water Supply Company.
 E.D.N.Y.
 AFFIRMED.
 ALLEN M. KRANZ, Kranz, Davis & Hersh, Happauge, New York, for Defendant-Appellee Utility Workers' Union of America, Local 374.
 Before J. DANIEL MAHONEY, PIERRE N. LEVAL and JOSE A. CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 1. Plaintiff-appellant George Matovich appeals from a judgment entered February 7, 1995 in the United States District Court for the Eastern District of New York that granted summary judgment in favor of defendants-appellees Jamaica Water Supply Company (the "Company") and Utility Workers' Union of America, Local 374 (the "Union"). Matovich had previously been discharged from his job at the Company for accepting money from a customer in exchange for work in violation of Company rules. After the Union unsuccessfully grieved Matovich's discharge at an arbitration, Matovich brought the instant "hybrid" action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging wrongful discharge by the Company and a breach of the duty of fair representation by the Union. Matovich contends that the Union breached its duty of fair representation by intentionally failing to introduce as evidence in the arbitration proceeding a settlement agreement between the Company and another employee, Robert Deeb (the "Deeb Settlement"), in which Deeb was suspended but not discharged for accepting a gratuity. Matovich claims that introduction of the Deeb Settlement would have proved selective enforcement of Company rules, and would therefore have resulted in a favorable decision by the arbitrator.
 
 
 4
 2. In order to prevail on a claim of breach of the duty of fair representation, an employee must prove first, that the union's conduct was "arbitrary, discriminatory, or in bad faith," Vaca v. Sipes, 386 U.S. 171, 190 (1967) and second, that the union's actions "seriously undermine[d] the integrity of the arbitral process." Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 567 (1976); see also Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43 (2d Cir.), cert. denied, 493 U.S. 975 (1989). Substantially for the reasons stated in the opinion of the district court, Matovich v. Jamaica Water Supply Co, No. 93 CV 0049(ARR), slip op. at 6-8 (E.D.N.Y. Feb. 7, 1995), we conclude that Matovich has failed to establish a genuine issue of material fact under the Hines prong of this bipartite test.